IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TERRY D. McCLANAHAN,

        Plaintiff,

v.

COLLETTE PETERS, et al.,

        Defendants.

Case No. 3:20-cv-01045-SI

ORDER

SIMON, District Judge.

    Plaintiff, an inmate at the Deer Ridge Correctional Institution, moves to proceed *in forma pauperis* (#1). Plaintiff's application is incomplete in that it does not include either the required certificate from an authorized officer of the institution certifying the current balance and six-month average balance in Plaintiff's prison trust account, or a certified copy of his prison trust account statement for the six month period immediately preceding the filing of the Complaint. *See* 28 U.S.C. § 1915(a)(2).

1 - ORDER

In addition, it appears that Plaintiff fails to state a cognizable civil rights claim. He alleges that the Oregon Department of Corrections retroactively applied a new law to retract 635 days of credit for time served in violation of his Eighth and Fourteenth Amendment rights. He seeks immediate release and money damages totaling $700,000.

In *Heck v. Humphrey*, 512 U.S. 477 (1984), the Supreme Court held:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id* at 486-87 (footnote omitted). Even where a prisoner has a protected liberty interest in good-time credits, a civil rights action is not cognizable unless the decision revoking the credits has been invalidated. *Edwards v. Balisok*, 520 U.S. 641, 645-48 (1997). It therefore appears Plaintiff cannot proceed

2 - ORDER

with this civil rights case where he challenges the revocation of credit for time served, and he has not invalidated that decision through a more appropriate proceeding. *See* 28 U.S.C. § 1915(e)(2) (requiring courts to conduct preliminary assessments of prisoner civil rights cases).

## CONCLUSION

Plaintiff's Application for Leave to Proceed *In Forma Pauperis* (#1) is denied. Should Plaintiff wish to proceed with this case, within 30 days he must: (1) file a completed *in forma pauperis* application; and (2) show cause why his case should not be summarily dismissed for failure to state a claim. Plaintiff's failure to do so will result in the dismissal of this case without prejudice.

The Clerk of Court is directed to forward to Plaintiff a form application to proceed *in forma pauperis* with this Order.

IT IS SO ORDERED.

DATED this 7th day of July, 2020.

_____
Michael H. Simon
United States District Judge

3 - ORDER